# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| **EPIFAMIO TRUJILLO III,** Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CRACKSEAL OF TEXAS, LLC, and MIGUEL HINOJOSA**<br><br>Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff—Epifamio Trujillo III ("Trujillo")—brings this action individually and on behalf of all others similarly situated (collectively, "Plaintiff and the Putative Collective/Class Members") who worked for Defendants—Crackseal of Texas, LLC ("Crackseal") and Miguel Hinojosa ("Hinojosa")—anywhere in the United States, at any time during the relevant statutes of limitations through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19, and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b), while his Texas state law claim is asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23").

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and a class action under Rule 23 pursuant to the laws of Texas to recover unpaid straight time wages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Defendants, anywhere in the State of Texas, at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the proper amount of overtime in violation of state and federal law.

3. Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) in excess of forty (40) hours per week.

4. During the relevant time period, Defendants have knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each week on a routine and regular basis.

5. Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked recorded hours in excess of 40 (not counting hours worked "off-the-clock")—was (and is) to pay for no more than eight (8) hours of work each day, regardless of whether more hours were worked and thereby failing to pay for all compensable time Plaintiff and the Putative Collective/Class Members actually worked.

6. Defendants also failed to pay Plaintiff and the Putative Collective/Class Members any wages for days in which the Plaintiff and the Putative Collective/Class Members spent the majority of the day traveling for work.

7. The effect of Defendants' practice was (and is) that all time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Defendants failed

to properly compensate Plaintiff and the Putative Collective/Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Collective/Class Members' overtime under the FLSA.

8. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all straight time hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

9. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas common law.

10. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time owed under the Texas common law pursuant to Rule 23.

11. Plaintiff prays that all similarly situated workers (Putative Collective/Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Trujillo be designated as the Class Representative for the Texas Class.

## II.
## THE PARTIES

13. Plaintiff Trujillo was employed by Defendants in Texas during the relevant time periods. Plaintiff Trujillo did not receive compensation for all straight time hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Epifamio Trujillo III is attached hereto as Exhibit "A."

14. The FLSA Collective Members are those current and former non-exempt Installers who were employed by Defendants, anywhere in the State of Texas, at any time from January 22, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

15. The Texas Class Members are those current and former Installers who were employed by Defendants, anywhere in the State of Texas, at any time from January 22, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

16. Defendant Crackseal of Texas, LLC is a Texas limited liability company, licensed to and doing business in the state of Texas, and may be served through its registered agent for service of process: **LegalCorp Solutions, LLC, 3 Greenway Plaza, Suite 1320, Houston, Texas 77046**.

17. Defendant Miguel Hinojosa is the managing member of Defendant Crackseal. Hinojosa is an employer as defined by 29 U.S.C. § 203(d). Hinojosa may be served with service of process at: **801 E. Stone St., Mathis, Texas 78368 or wherever he may be found.**

18. Defendants are joint employers under the FLSA. They had common ownership, oversight and control over Plaintiff and the Putative Collective/Class Members. As a result, both Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas state law, including the wage provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

19. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

20. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

21. This Court has general and specific personal jurisdiction over Defendants because the claims against them arose within this District as a result of Defendants' conduct within this District and Division and because Texas qualifies as their home state.

22. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

23. Specifically, Crackseal's corporate headquarters are located in Mathis, Texas and Plaintiff Trujillo worked for Defendants in Mathis, Texas—both of which are located within this District and Division.

## IV.
## ADDITIONAL FACTS

24. Crackseal provides road repair services across the State of Texas.

25. Hinojosa is the owner and managing member of Crackseal.

### Defendants are Joint Employers

26. Defendants are joint employers under the FLSA.

27. Defendants directly hired Plaintiff and the Putative Collective/Class Members.

28. Defendants controlled Plaintiff and the Putative Collective/Class Members' work schedules and conditions of employment.

29. Specifically, Hinojosa set the weekly work schedules for all of Crackseal's employees—including the Plaintiff and the Putative Collective/Class Members.

30. Hinojosa also defined the primary work duties for all of Crackseal's employees—including the Plaintiff and the Putative Collective/Class Members.

31. Defendants determined the Plaintiff and the Putative Collective/Class Members' rate and method of payment of wages.

32. Specifically, Hinojosa determined the hourly rate of pay for all of Crackseal's employees—including the Plaintiff and the Putative Collective/Class Members.

33. Defendants maintained control, oversight, and direction over Plaintiff and Putative Collective/Class Members including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

34. Moreover, Hinojosa created Defendants' illegal pay practice, that is he chose to disregard each Plaintiff and Putative Collective/Class Members' actual hours worked and to pay them for no more than eight (8) hours of work each day.

35. Defendants mutually benefitted from the work performed by Plaintiff and Putative Collective/Class Members.

36. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and Putative Collective/Class Members. Defendants shared the services of Plaintiff and Putative Collective/Class Members.

37. Defendants acted directly in the interest of each other in relation to Plaintiff and Putative Collective/Class Members.

38. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of their clients.

39. Both Defendants had the power to hire and fire Plaintiff and Putative Collective/Class Members.

40. Defendants maintained Plaintiff and Putative Collective/Class Members' employment records.

41. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas state law, including the overtime provisions.

**Plaintiff and the Putative Collective/Class Members are Non-Exempt Laborers**

42. To provide their services, Defendants employed (and continues to employ) numerous laborers—including Plaintiff and the Putative Collective/Class Members.

43. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the State of Texas.

44. Plaintiff and the Putative Collective/Class Members are (or were) non-exempt Laborers employed by Defendants for the relevant time-periods preceding the filing of this Complaint through the final disposition of this matter.

45. Plaintiff and the Putative Collective/Class Members were responsible for performing road repair work and traffic management work.

46. Plaintiff and the Putative Collective/Class Members typically began their workweek by traveling to the Defendants' yard in Mathis, loading their work truck up with equipment and materials needed to perform their work.

47. After procuring the required equipment and materials, Plaintiff and the Putative Collective/Class Members drove to a hotel in the city or town where they would perform the road repair work.

48. After arriving at the designated hotel, Plaintiff and the Putative Collective/Class Members unloaded and organized their equipment and stored it in rooms to prevent theft of the essential equipment and materials.

49. Importantly, Plaintiff and the Putative Collective/Class Members were not (and are not) paid at all for any work performed on any day in which they spend most of their day traveling

from the yard in Mathis, Texas to the job site hotel or from the job site hotel to the yard (their "Travel Days").

50. The day after their arrival, Plaintiff and the Putative Collective/Class Members start their workday at 6:00 a.m. by first loading up several boxes of tar that will be used to repair roads. After the boxes are loaded, each Plaintiff and Putative Collective/Class Member then gathers and checks their designated equipment, such as the "Kettle" machine[2] to ensure it is ready for use.

51. After checking their equipment for use and loading up materials into their vehicles, Plaintiff and the Putative Collective/Class Members drive to the site where they are to perform road repairs.

52. Plaintiff and the Putative Collective/Class Members perform road repair work and redirect traffic around their work non-stop until approximately 4:30 p.m.

53. After 4:30 p.m. the Plaintiff and Putative Collective/Class Members load up their equipment and drive to a location where they can clean the equipment to ensure the equipment is ready to be stored for the night.

54. Plaintiff and the Putative Collective/Class Members typically finish their workday at any time between 5:00 p.m. and 6:00 p.m. at their hotel, depending on how long it takes to clean their equipment and store it.

55. Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

---

[2] The "Kettle" is a machine used to distribute fresh tar on the road.

56. During their employment with Defendants, Plaintiff and the Putative Collective/Class Members typically worked five (5) to seven (7) days a week and worked for approximately nine (9) to twelve (12) hours per day.

57. On average, Plaintiff and the Putative Collective/Class Members worked between forty-five (45) hours and seventy (70) hours per workweek.

58. Although Plaintiff and the Putative Collective/Class Members typically worked more than forty (40) hours each week, on some occasions, Plaintiff and the Putative Collective/Class Members worked less than forty (40) hours in a week, such as weeks in which they worked fewer than five (5) days, due to sickness, absences, or other reasons.

59. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Defendants resulting in the complained of FLSA and Texas state law violations.

60. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that they all provide road repair and traffic management services on behalf of Defendants.

61. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and are not paid for more than eight (8) hours of work each day.

62. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Defendants resulting in the complained of FLSA and Texas state law violations.

## Defendants Failed to Pay the Correct Amount of Wages

63. Defendants have a policy wherein they refuse to pay the Plaintiff and the Putative Collective/Class Members for their actual hours worked, when their actual hours worked exceed eight (8) hours in a day.

64. For example, when Plaintiff Trujillo worked nine (9) hours in a day, Defendants would deduct one hour and pay him for eight (8) hours of work. When Plaintiff Trujillo worked twelve (12) hours in a day, Defendants would deduct four hours and pay him for eight (8) hours of work for that day.

65. Defendants' intentional disregard of the actual hours worked by the Plaintiff and the Putative Collective/Class Members resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Texas state law.

66. For example, when Plaintiff and Putative Collective/Class Members worked four (4) nine (9) hour shifts in a week, Defendants' practice resulted in Plaintiff and the Putative Collective/Class Members not being paid for four (4) hours of compensable straight time work.

67. When Plaintiff and the Putative Collective/Class Members worked five (5) ten (10) hour shifts in a week, Defendants' deductions resulted in Plaintiff and the Putative Collective/Class Members not being paid for ten (10) hours of compensable overtime work.

## Defendants Failed to Pay Compensable Travel Days

68. As discussed above, Plaintiff and the Putative Collective/Class Members typically incur two (2) Travel Days each workweek, traveling from the Defendants' yard in Mathis, Texas to the hotel at the jobsite or from the hotel back to the yard in Mathis, Texas.

69. Although Plaintiff and the Putative Collective/Class Members start the workday by arriving at the Mathis yard to load essential equipment and materials and travel to the new job site

during normal work hours on normal work days, Defendants do not pay the Plaintiff and Putative Collective/Class Members any wages for the work performed on Travel Days.

70. Defendants' intentional disregard of the Travel Day hours worked by the Plaintiff and the Putative Collective/Class Members resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Texas state law.

71. As a result of Defendants' failure to compensate Plaintiff and the Putative Collective/Class Members for all hours worked, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and the Texas state law.

72. Defendants knew or should have known that they were not (and are not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

73. Defendants knew or should have known that their failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

74. Defendants knew or should have known that their policy to not pay for all hours worked did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

75. Because Defendants did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA.

76. Because Defendants did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Defendants' pay policies and practices violated (and continue to violate) Texas state law.

77. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time and liquidated damages pursuant to the Texas state law.

# V.
# CAUSES OF ACTION

## COUNT ONE
**(Collective Action Alleging FLSA Violations)**

### A. FLSA COVERAGE

78. The foregoing paragraphs are incorporated as though fully set forth herein.

79. The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL CURRENT AND FORMER LABORERS WHO WORKED FOR CRACKSEAL OF TEXAS, LLC AND MIGUEL HINOJOSA, ANYWHERE IN THE STATE OF TEXAS, AT ANY TIME FROM JANUARY 22, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

80. At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

81. At all material times, Defendants have been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

82. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly

essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

83. Specifically, Defendants operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

84. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

85. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 207(a).

86. Specifically, Plaintiff and the FLSA Collective Members traveled on interstate highways and used goods, tools, and building materials purchased in interstate commerce. 29 U.S.C. § 203(j).

87. At all material times, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

88. The proposed class of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in ¶ 79.

89. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

### B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

90. Defendants have violated provisions of the FLSA, 29 U.S.C. §§ 207 & 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

91. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

92. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

93. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less knowledgeable employees who trusted Defendants to pay them according to the law.

94. The decisions and practices by Defendants to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

95. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

96. The foregoing paragraphs are incorporated as though fully set forth herein.

97. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

98. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

99. The FLSA Collective Members are defined in ¶ 79.

100. Defendants' failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

101. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

102. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

103. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

104. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

105. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

106. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

107. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in ¶ 79 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.   VIOLATIONS OF TEXAS COMMON LAW**

108.   The foregoing paragraphs are incorporated as though fully set forth herein.

109.   Plaintiff further brings this action pursuant to Texas contract law and the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

110.   The Texas Class and "Texas Class Members" are defined as:

**ALL CURRENT AND FORMER INSTALLERS WHO WORKED FOR CRACKSEAL OF TEXAS, LLC AND MIGUEL HINOJOSA, ANYWHERE IN THE STATE OF TEXAS, AT ANY TIME FROM JANUARY 22, 2020 THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

111.   Plaintiff and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants. *See Peery v. Nixon Engineering, LLC*, 2019 WL 2565237, No. 6:18-CV-00358-ADA-JCM (W.D. Tex. Mar. 13, 2019).

112.   These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Peery v. Nixon Engineering, LLC*, 2019 WL 2565237, No. 6:18-CV-00358-ADA-JCM (W.D. Tex. Mar. 13, 2019).

113.   Plaintiff and the Texas Class Members provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

114.   Defendants accepted Plaintiff and the Texas Class Members' services and benefitted from their timely dedication to Defendants' customers.

115.   Defendants were aware that Plaintiff and the Texas Class Members expected to be compensated for the services they provided to Defendants.

116. Defendants have therefore benefitted from services rendered by the Plaintiff and the Texas Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

## B. TEXAS COMMON LAW CLASS ALLEGATIONS

117. The Texas Class brings their Texas common law claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Texas since January 22, 2020. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

118. Class action treatment of the Texas Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

119. The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

120. Plaintiff Trujillo's Texas state-law claims share common questions of law and fact with the claims of the Texas Class Members.

121. Plaintiff Trujillo is a member of the Texas Class, his claims are typical of the claims of the Texas Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the Texas Class Members.

122. Plaintiff Trujillo and his counsel will fairly and adequately represent the Texas Class Members and their interests.

123. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

124. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 110.

# VI.
# RELIEF SOUGHT

125. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 79 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order certifying the Texas Class as defined in Paragraph 110, and designating Plaintiff Trujillo as Class Representative of the Texas Class;

    c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    e. For an Order pursuant to Texas common law awarding Plaintiff Trujillo and the Texas Class Members unpaid wages and other damages allowed by law;

    f. For an Order awarding the costs and expenses of this action;

    g. For an Order awarding attorneys' fees;

    h. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

    i. For an Order awarding Plaintiff Trujillo a service award as permitted by law;

    j. For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense, should discovery prove inadequate; and

k.  For an Order granting such other and further relief as may be necessary and appropriate.

Date:   January 22, 2024                Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:  */s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective/Class Members*