UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **EPIFAMIO TRUJILLO III,** **Individually and on behalf of all others similarly situated,** <br><br> **Plaintiff,** <br> v. <br><br> **CRACKSEAL OF TEXAS, LLC and MIGUEL HINOJOSA,** <br><br> **Defendants.** | Case No. 2:24-cv-00021-DSM |

**PLAINTIFF'S EMERGENCY
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff Epifamio Trujillo III ("Plaintiff") respectfully submits this Emergency Motion to Enforce Settlement Agreement against Defendants Crackseal of Texas, LLC and Miguel Hinojosa (collectively, "Defendants" or "Crackseal") due to Crackseal's material breach of the Settlement Agreement.

**I.
BACKGROUND**

1. Plaintiff filed this lawsuit on January 22, 2024 seeking unpaid overtime wages, liquidated damages and attorneys' fees and costs. *See* ECF No. 1.

2. Plaintiff alleged that he and other similarly situated workers were not paid for all hours worked, including all overtime hours, in violation of the FLSA and Texas state law. *Id.*

3. Defendants denied these allegations and raised several affirmative defenses in their Answer which was filed on February 23, 2024. *See* ECF Nos. 8 and 9.

4. The Parties agreed to stay the case and proceed to mediation. *See* ECF No. 14. During the stay, the Parties engaged in informal discovery and attended mediation on July 23, 2024, with wage

and hour mediator, Dennis A. Clifford. The Parties were able to reach a settlement in principle and executed a Memorandum of Understanding / Terms Sheet. The Parties then drafted and fully executed a formal settlement agreement (the "Agreement").

5. On September 27, 2024, the Parties filed their Joint Notice on Settlement and Motion to Administratively Close Case based on this Agreement ("Joint Motion"). *See* ECF No. 20.

6. On October 7, 2024, after reviewing the Agreement *in camera*, the Court granted the Parties' Joint Motion and ordered the Parties to file dismissal documents no later than March 26, 2025. *See* ECF No. 22.

7. The Agreement provided that Notice of the Settlement would issue to all FLSA Putative Collective Members notifying each FLSA Putative Collective Member of their right to join the settlement by timely returning a Claim Form no later than February 24, 2025.[1]

8. The Agreement also provided that if a certain amount of money was claimed by the FLSA Putative Collective Members then Defendants would have the option to "blow up" the Agreement – this threshold was not met and therefore the "blow up" provision was not triggered. *Id.*

9. A total of thirty-seven (37) FLSA Putative Collective Members timely returned their respective Claim Forms and Defendants have deposited their respective settlement amounts, along with the Plaintiff's service award and settlement administration costs, with the third-party settlement administrator (ILYM Group, Inc.) as required by the Agreement. *See* Exhibits A and B – Confirmation Emails from ILYM Group on February 28, 2025 and March 14, 2025.

10. The Agreement also required Defendants to pay attorneys' fees and costs within five (5) business days after the execution of the Agreement.

---

[1] The Parties' Settlement Agreement is confidential but was previously submitted for *in camera* review on October 2, 2024. Plaintiff will again provide the Agreement for further *in camera* review if requested by the Court.

11. Defendants have yet to make the payment of attorneys' fees and costs and their failure to pay constitutes a material breach of the Agreement.

12. Because the Parties' deadline to file the applicable dismissal documents is March 26, 2025, Plaintiff seeks emergency relief. *See* ECF No. 22.

## II.
## ARGUMENT AND AUTHORITY

12. Plaintiff's Counsel has conferred with Defendants' Counsel on multiple occasions regarding Defendants' breach of the Agreement to no avail. Although Plaintiff was hopeful that Defendants would honor their contractual obligations without the need for Court intervention, Plaintiff has been forced to file this Motion.

13. Defendants have materially breached the Agreement and enforcement of the Agreement is the appropriate remedy in this case. *Doss v. Homecoming Fin. Network, Inc.*, 210 S.W.3d 706, 713 (Tex. App. 2006) ("The elements for a breach of express contract claim are: (1) a valid contract, (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract, and (4) the plaintiff was damaged as a result of the breach.").

14. Specifically, the Parties entered into a valid contract—the Agreement; Plaintiff and his Counsel have materially performed subject to the Agreement; Defendants have breached the Agreement by failing to pay Plaintiff's attorneys' fees and costs as required by the Agreement; and Defendants' breach of the Agreement has harmed Plaintiff and his Counsel.

15. This Court has authority to enter an order requiring Crackseal to comply with the terms of the Agreement between the Parties. *See Thomas Indus. & Mech. Contractors, LLC v. Just.*, No. CV 20-1102, 2022 WL 17622237, at *1 (E.D. La. Dec. 13, 2022) (granting initially a motion to enforce settlement agreement after the defendant failed to make the agreed upon payments and subsequently granting a motion for entry of contempt order and entry of judgment after the defendants failed to make the settlement payments as agreed, and as ordered by the Court).

## III.
## CONCLUSION

Plaintiff respectfully requests that the Court enforce the Agreement and order Defendants to pay Plaintiff's attorneys' fees and costs pursuant to the Agreement no later than five (5) business days after the Court's entry of an order regarding the same.

Date:   March 25, 2025                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:     */s/ Clif Alexander*
        **Clif Alexander**
        Federal I.D. No. 1138436
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Austin W. Anderson**
        Federal I.D. No. 777114
        Texas Bar No. 24045189
        austin@a2xlaw.com
        **Lauren E. Braddy**
        Federal I.D. No. 1122168
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Carter T. Hastings**
        Federal I.D. No. 3101064
        Texas Bar No. 24101879
        carter@a2xlaw.com
        101 N. Shoreline Blvd, Suite 610
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander